**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant Sam's West, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA SILVERIO, individually,<br><br>Plaintiff,<br>v.<br><br>SAM'S WEST, INC., a Foreign Corporation; DOE MANAGERS I through X; DOE MAINTENANCE and/or INSPECTION EMPLOYEES or AGENTS I through X; DOES I through XX; ROE PROPERTY MANAGEMENT ENTITIES I through X; ROE MAINTENANCE and/or INSPECTION ENTITIES I through X; and ROE CORPORATIONS and/or ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-02044-CDS-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

The parties to this action, Plaintiff MARIA SILVERIO and Defendant SAM'S WEST, INC., by and through their respective attorneys of record, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1. The Protective Order shall be entered pursuant to ***the Federal Rules of Civil Procedure.***

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

   a. Any and all documents referring or related to confidential and proprietary

1

KRB/20147-98

human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant and/or Defendant's organizational structure;

    b.    Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

    c.    Any documents relating to the medical and/or health information of Plaintiff or any of Defendant's current or former employees or contractors;

    d.    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.    In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in Defendant's FRCP 26(a) disclosures and any supplements made thereto; (2) placing the following legend on the face of the document and each page so designated "CONFIDENTIAL;" or (3) otherwise expressly identified as confidential via written correspondence. Both parties will use their best efforts to limit the number of documents designated Confidential.

4.    Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.    Qualified recipients shall include only the following:

    a.    In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    b.    Deposition notaries and staff;

    c.    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

KRB/20147-98

      d.      Deponents during the course of their depositions or potential witnesses of this case; and

      e.      The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion. The party asserting the label of "Confidential" shall bear the burden of showing the same within said motion to show why said document is entitled to such protection.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party

identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall destroy said information, including all copies and reproductions thereof.

11. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

IT IS SO STIPULATED.

| DATED this 1st day of May, 2024. | DATED this 1st day of May, 2024. |
|---|---|
| **PATERNOSTER LAW GROUP** | **HALL & EVANS, LLC** |
| */s/ Glenn Paternoster* | */s/ Kurt R. Bonds* |
| GLENN A. PATERNOSTER, ESQ. | KURT R. BONDS, ESQ. |
| Nevada Bar No. 5452 | Nevada Bar #6228 |
| 300 South 4th Street, Suite 1600 | 1160 North Town Center Drive |
| Las Vegas, Nevada 89101 | Suite 330 |
| Telephone: (702) 654-1111 | Las Vegas, Nevada 89144 |
| Facsimile: (702) 522-1522 | (702) 998-1022 |
| glenn@paternosterlaw.com | nvefile@hallevans.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Sam's West, Inc.* |

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

*Silverio v. Sam's West, Inc.*
*Case No. 2:23-cv-02044-CDS-BNW*
*Stipulated Protective Order*

# ORDER

The terms of the above stipulation for a protective order by and between Plaintiff Maria Silverio and Defendant Sam's West, Inc., by their respective counsel, shall hereby be the ORDER of this Court.

May 2, 2024
DATE                                                    UNITED STATES MAGISTRATE JUDGE

SUBMITTED this 1st day of May, 2024.

**HALL & EVANS, LLC**

*/s/Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
1160 North Town Center Dr., Ste 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant Sam's West, Inc.*

**IT IS FURTHER ORDERED** that should the parties seek to file documents under seal, the parties' motions to seal must comply with LR IA 10-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

KRB/20147-98